UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MR. and MRS. QUINN R. OWEN,<br><br>                Plaintiffs,<br> vs.<br><br>JACK BURCHARD et. al.,<br><br>                Defendants. | No. CV-05-045-JLQ<br><br>ORDER DISMISSING<br>FIRST AMENDED COMPLAINT |

BEFORE THE COURT is Plaintiffs' First Amended Complaint (Ct. Rec. 14) and various supporting documents. Plaintiffs are proceeding *pro se.* A notice of appearance has been entered by Okanogan County Deputy Prosecutor Heidi Appel on behalf of Okanogan County officials who had been served by Plaintiffs but were not named as Defendants in the original Complaint.

## DISCUSSION

This court previously issued an Order re: sufficiency of the complaint (Ct. Rec. 13) in which it advised Plaintiffs of the numerous technical and legal deficiencies with their 'complaint' - - which at that time was entitled a "petition for certified questions" and stated no cause of action. The court's order gave Plaintiffs the opportunity to amend or voluntarily dismiss their complaint. If Plaintiffs chose to file an amended complaint, they were also directed to file a separate memorandum addressing why the complaint should not be dismissed under the *Younger v. Harris*, 401 U.S. 37 (1971) doctrine. Plaintiffs have filed such a memorandum. (Ct. Rec. 15).

I. Factual Background

Plaintiffs' First Amended Complaint, though an improvement on the original Complaint, still fails to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by Fed. R. Civ. P. 8(a). The First Amended Complaint does not contain a coherent factual background or recitation of recognizable

ORDER - 1

causes of action.  The facts, as presented herein, are what the court can discern from Plaintiffs' filings to date.   Mathew Smith, an acquaintance of Plaintiff Quinn Owen, was cited and arrested for a reckless driving incident that occurred on September 30, 2004. (Ct. Rec. 19, Ex. 16).  On November 19, 2004, Mathew Smith and Plaintiff Quinn Owen entered into a contract in which Owen would represent Smith on the reckless driving charge. (Ct. Rec. 14, Ex. 23).  The contract provided that Owen would be compensated in the amount of $150.00 per hour.  (Id.).  Owen does not contend he is a licensed attorney. Owen then apparently attempted to file documents on behalf of Smith in Okanogan County District Court. (Ct. Rec. 19, p. 13).  The court administrator referred the matter to the Okanogan County Prosecutor's office. (Id.).  In early December, 2004, the Okanogan Prosecutor filed a criminal information and the court issued a criminal summons.  (Ct. Rec. 19, Ex. 17-Ex. 25).  Owen was charged by information with 8 counts of unauthorized practice of law.

Owen filed his Petition for Certified Questions (Ct. Rec. 1) in this court on February 14, 2005, while the state criminal prosecution against him was still ongoing. Plaintiffs were informed in this court's previous order that "federal courts are to abstain from interference with pending state criminal prosecutions". (Ct. Rec. 13).  It is the rule of *Younger v. Harris*, that absent extraordinary circumstances, federal courts may not enjoin or otherwise interfere with pending state criminal proceedings.  So-called *Younger* abstention requires outright dismissal of the federal suit.  This court may not merely stay the federal action and retain jurisdiction in order to render a decision on the merits after the state proceedings have ended. See *Beltran v. California*, 871 F.3d 777, 782 (9th Cir. 1988).

There is a three-pronged test for determining if *Younger* abstention is required. *Id.* at 781 (citing *Middlesex County Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423 (1982).  Abstention is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims. *Id.*; *Bendel v. State of California*, __F.3d__ (9th Cir. April 11, 2005).  As

to the first prong, it is clear from the record in this case that the state criminal proceeding was initiated prior to this federal suit, and it is clear from pleadings (see for example Ct. Rec. 10 & 12) filed by Plaintiffs that the state prosecution remained ongoing after the filing of the instant suit. See *Beltran* at 782 ("In other words, *Younger* abstention requires that the federal courts abstain when state court proceedings were ongoing **at the time the federal action was filed**.)(emphasis added). As to the second prong, the state of Washington clearly has an important interest in the enforcement of its criminal laws. The Ninth Circuit has recognized an important state interest in regulating and disciplining attorneys. See *Bendel* at __ (recognizing that "States traditionally have exercised extensive control over the professional conduct of attorneys as each state has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses."). Washington State's interest in regulating those who practice law without a license is an equally, if not more, important interest. Lastly, under the third prong, Plaintiffs have made no showing that the state courts are an insufficient forum in which to hear any federal claims that Plaintiffs may have. There is no reason to believe that Plaintiffs would not have an adequate opportunity to litigate their federal claims, if any, during the state court proceeding.

It is clear from the First Amended Complaint that Plaintiffs complain of the pending state criminal prosecution. It is unclear what specifically is objectionable about the criminal prosecution and what specific relief is sought. Plaintiff makes the conclusory allegation that the arrest was made in "bad faith" and that he was "overcharged". (First Amend. Comp. p. 3). The relief sought by Plaintiffs is largely indecipherable. For example, Plaintiffs seek a court decree that the equitable rights of birth and life shall never be ruled over or destroyed. Additionally, "to ensure incorruptible relief" Plaintiffs ask this court to direct the Washington Supreme Court to promulgate court rules. More concretely, Plaintiffs ask for attorney fees for defending the state criminal prosecution and for bringing this suit. This court is not authorized, nor would it be inclined if authorized, to award attorney fees related to a state court matter

and this court certainly would not award attorney fees to Plaintiffs for bringing this meritless action. See also *Bendel v. State of California*, __F.3d__ (9th Cir. April 11, 2005)(where a complainant seeks declaratory and injunctive relief and/or attorney fees, as opposed to damages, the traditional rules of *Younger* abstention apply: "The federal courts must abstain permanently because [complainant] is asking only that the federal courts stop the state proceedings.").

This federal court has no role to play in interfering with an ongoing state criminal prosecution. If Owen is acquitted, and has an otherwise valid claim for relief (mere acquittal would not serve as the basis of a claim), he may bring an action under 42 U.S.C. § 1983. Alternatively, if Owen is convicted, he may, after completely exhausting all challenged issues through direct appeals in state court, including to the Supreme Court of the state, bring a habeas corpus action pursuant to 28 U.S.C. § 2254 to review any federal constitutional challenges to his conviction.

Accordingly,

**IT IS HEREBY ORDERED**:

1. This court is required by the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 49-53 (1971) and under the dictates of *Beltran v. California*, 871 F.2d 777 (9th Cir. 1988), to dismiss this action in which Plaintiff seeks to have the court interfere with an ongoing state criminal prosecution.

2. Plaintiffs' First Amended Complaint (Ct. Rec. 14) and all claims therein are **DISMISSED WITHOUT PREJUDICE.**

3. The Clerk of the court shall enter a Judgment of dismissal without prejudice and close the file.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to Plaintiffs and counsel.

DATED this 19th day of April, 2005.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4