UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MR. and MRS. QUINN R. OWEN, )
)
                Plaintiffs, )
)
vs. )
)
JACK BURCHARD et. al., )
)
                Defendants. )

No. CV-05-045-JLQ

ORDER DENYING MOTION TO AMEND AND PROHIBITING ANY FURTHER FILING EXCEPT MOTION TO EXTEND TIME FOR NOTICE OF APPEAL

    BEFORE THE COURT are Plaintiffs' Motion to Amend Findings or Judgment (Ct. Rec. 25), Motion for Joinder of Necessary Party (Ct. Rec. 27), and Motion for Class Action Certification (Ct. Rec. 30). Plaintiffs are proceeding *pro se.* A notice of appearance has been entered by Okanogan County Deputy Prosecutor Heidi Appel on behalf of some of the Okanogan County officials named in the First Amended Complaint.

## DISCUSSION

### I. Timeliness

    Federal Rule of Civil Procedure 59(e) provides that any motion to alter or amend judgment "shall be filed no later than 10 days after entry of judgment". This court entered its order dismissing the first amended complaint and judgment on April 19, 2005. (See Ct. Rec. 20 & 21). Excluding Saturdays, Sundays, and legal holidays as required by FRCP 6(a), Plaintiffs' motion to alter or amend judgment was due by May 3, 2005. Plaintiffs did not file their motion until May 5, 2005, and it is thus untimely. This court has no discretion to extend the deadline and this 10-day deadline is jurisdictional. See *Carter v. United States*, 973 F.2d 1479, 1488 (9th Cir. 1992). An untimely Rule 59(e) motion may, however, be considered as a request for relief from judgment under Rule 60(b).

    Plaintiffs' motion does not raise a colorable claim based on the Rule 60(b)

ORDER - 1

subsections such as mistake, newly discovered evidence, fraud, voidness, satisfaction, etc.. Rather, the motion consists largely of re-argument of issues previously decided by this court. (See Ct. Rec. 20). Accordingly, Plaintiffs' Rule 59(e) motion is **DENIED** as untimely, and to the extent it is considered a Rule 60(b) motion, it does not present a valid basis for relief and is **DENIED**.

II. Remaining Motions

Plaintiffs' Motion for Joinder of Necessary Party (Ct. Rec. 27) and Motion for Class Action Certification (Ct. Rec. 30) were also both filed on May 5, 2005. Both motions being filed post-judgment, they are untimely. Additionally, neither motion is well-founded. The motion for joinder seeks to add the President of the United States. The President is not a necessary party to this action. Plaintiffs' motion for class certification is similarly nonsensical as it seeks class certification of "all sovereign U.S./WA Clean Hands Citizens who Being Wrongly Accused or Injured by the Certain Rights of Government" are associated with Plaintiffs.

III. Timeliness of Notice of Appeal

In a civil case, a notice of appeal must be filed with the district court within 30 days after the judgment is entered. See Fed. R. App. P. 4(a). The timely filing of a post-judgment motion tolls this 30-day period. However, an untimely Rule 59(e) motion does not toll the time for appealing a judgment. *Greene v. E. Santos*, 52 Fed.Appx. 410 (9th Cir. 2002)(unpublished)(citing Fed.R.App.P. 4(a)(4)(A) and *Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1463 (9th Cir. 1992)). As discussed *supra*, Plaintiffs' motion to alter or amend judgment was untimely and as such did not toll the 30 day period for filing a notice of appeal. Judgment was entered on April 19, 2005 and the time for filing a notice of appeal expired on May 19, 2005.

If Plaintiffs desire to appeal the Judgment in this matter, they are advised of Fed. R. App. P. 4 - - specifically 4(a)(5), which describes the procedure for seeking an extension of time to file a notice of appeal. If Plaintiffs choose to file such motion, their supporting documents must demonstrate excusable neglect or good cause and any such

motion for extension of time **must be filed on or before June 20, 2005.** See Fed.R.App.P. 4(a)(5)(A)(i).

**IT IS HEREBY ORDERED**:

1. Plaintiffs' Rule 59(e) motion to alter or amend judgment (Ct. Rec. 25) is **DENIED as untimely**. To the extent the motion is considered a Rule 60(b) motion, it does not present a valid basis for relief and is **DENIED**.

2. Plaintiffs' Motion for Joinder of Necessary Party (Ct. Rec. 27) and Motion for Class Action Certification (Ct. Rec. 30) are **DENIED**.

3. If Plaintiffs choose to file a motion to extend the time for filing a notice of appeal, they shall do so in accordance with this order.

4. Plaintiffs are ordered and directed not to file any further pleadings in this matter, except a motion to extend time for notice of appeal if they so choose.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to Plaintiffs and counsel.

DATED this 20th day of May, 2005.

s/ Justin L. Quackenbush

JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3